I hereby certify that this instrument is a true and correct copy of
the original on file in my office. Attest: Sandy Opacich, Clerk
U.S. District Court, Northern District of Ohio
By: /s/Robert Pitts
Deputy Clerk



# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION          MDL No. 2804

### TRANSFER ORDER

    **Before the Panel**:[*] Plaintiffs in thirteen actions and Northern District of Mississippi defendants Tom Bruce Longest, Jr., M.D., and Bruce Family Medical Center move under Panel Rule 7.1 to vacate the orders conditionally transferring their respective actions, which are listed on Schedule A, to MDL No. 2804. Various defendants[1] oppose the motions.

    After considering the arguments of counsel, we find these actions involve common questions of fact with the actions previously transferred to MDL No. 2804, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Ohio was an appropriate Section 1407 forum for actions sharing factual questions regarding the allegedly improper marketing and distribution of various prescription opiate medications into states, cities, and towns across the country. *See In re Nat'l Prescription Opiate Litig.,* 290 F. Supp.3d 1375, 1378-79 (J.P.M.L. 2017).

    Despite some variances among the actions before us, all share a factual core with the MDL actions: the manufacturer and distributor defendants' alleged knowledge of and conduct regarding the diversion of these prescription opiates, as well as the manufacturers' allegedly improper marketing of the drugs. *See id.* These actions therefore fall within the MDL's ambit.

    Plaintiffs and the Northern District of Mississippi defendants oppose transfer by principally arguing that federal jurisdiction is lacking over their cases. But opposition to transfer based on a

---

    [*] Judges Ellen Segal Huvelle and Nathaniel M. Gorton did not participate in the decision of this matter.

    [1] Amerisourcebergen Corp. and Amerisourcebergen Drug Corp.; Cardinal Health, Inc.; and McKesson Corp. (distributor defendants); Actavis, LLC, Actavis Pharma, Inc.; Cephalon, Inc.; Endo Health Solutions Inc., Endo Pharmaceuticals, Inc.; Hikma Pharmaceuticals USA, Inc.; Janssen Pharmaceutica, Inc.; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; Mallinckrodt PLC, and Mallinckrodt LLC; Ortho-McNeil-Janssen Pharmaceuticals, Inc.; Par Pharmaceuticals, Inc., Par Pharmaceutical Companies, Inc.; SpecGx LLC; Teva Pharmaceutical Industries Ltd.;. Teva Pharmaceuticals USA, Inc.; and Watson Laboratories, Inc. (manufacturing defendants).

-2-

jurisdictional challenge is insufficient to warrant vacating conditional transfer of factually related cases.[2] Most opponents of transfer also argue that including their actions in this large MDL will cause them inconvenience and delay the progress of their actions.  Given the undisputed factual overlap with the MDL proceedings, transfer is justified in order to facilitate the efficient conduct of the litigation as a whole.  *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Dan A. Polster for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

R. David Proctor            Catherine D. Perry
Matthew F. Kennelly         David C. Norton

---

[2] *See, e.g., In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION          MDL No. 2804

## SCHEDULE A

    <u>Northern District of Mississippi</u>

RUSSELL v. WISNIEWSKI, M.D., ET AL., C.A. No. 1:20‑00021

    <u>Eastern District of Missouri</u>

BARTON COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:20‑00387

    <u>Western District of Oklahoma</u>

BOARD OF COUNTY COMMISSIONERS OF COMANCHE COUNTY v.
    CEPHALON, INC., ET AL., C.A. No. 5:20‑00150
BOARD OF COUNTY COMMISSIONERS OF CUSTER COUNTY v. CEPHALON,
    INC., ET AL., C.A. No. 5:20‑00159
BOARD OF COUNTY COMMISSIONERS OF TILLMAN COUNTY v. CEPHALON,
    INC., ET AL., C.A. No. 5:20‑00161
BOARD OF COUNTY COMMISSIONERS OF ROGER MILLS COUNTY v.
    CEPHALON, INC., ET AL., C.A. No. 5:20‑00163

    <u>Eastern District of Pennsylvania</u>

BEDFORD COUNTY v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:20‑01385

    <u>Eastern District of Virginia</u>

CITY OF FAIRFAX, v. V. MALLINCKRODT PLC, ET AL., C.A. No. 1:20‑218
STAFFORD COUNTY, v. V. MALLINCKRODT PLC, ET AL., C.A. No. 1:20‑261
GOOCHLAND COUNTY, v. V. MALLINCKRODT, PLC, ET AL.,
    C.A. No. 3:20‑00051
CHESTERFIELD COUNTY, v. V. MALLINCKRODT PLC, ET AL.,
    C.A. No. 3:20‑00064
HENRICO COUNTY, v. V. MALLINCKRODT PLC, ET AL., C.A. No. 3:20‑00077
MECKLENBURG COUNTY, v. V. MALLINCKRODT PLC, ET AL.,
    C.A. No. 3:20‑00175

    <u>Western District of Virginia</u>

CITY OF WINCHESTER, VIRGINIA v. MALLINCKRODT PLC, ET AL.,
    C.A. No. 5:20‑00013